UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOSES KING,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE *et al.*,

    Defendants.

Civil Action No. 08-1555 (HHK)

# MEMORANDUM OPINION

This case, brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is before the Court on a motion for summary judgment filed by the Drug Enforcement Administration ("DEA") on behalf of the defendant, the Department of Justice ("DOJ").[1] The motion is opposed by the *pro se* plaintiff, Moses King. Upon consideration of the motion, the opposition thereto, and the record of this case, the Court concludes the motion should be granted.

## I. BACKGROUND

King was prosecuted for violating federal narcotics laws. Compl. at 3. In August 2007, He submitted a broadly worded FOIA request to the DEA Freedom of Information Office in Arlington, Virginia, seeking, without limitation, information relating to him either "directly or

---

[1] King also submitted FOIA requests to two other components of the DOJ, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Executive Office of the United States Attorneys. Judgment already has been awarded to the DOJ with respect to these claims. *See King v. Dep't of Justice,* 2009 WL 2951124 (D.D.C. Sept. 9, 2009).

indirectly." Decl. of William C. Little, Jr. (June 29, 2009) ("Little Decl."),[2] Ex. A ("King's FOIA Request"). King agreed to pay any reasonable costs, "but would assert my privilege of getting the first 100 pages without cost or handling fees." *Id*. The DEA's file index showed 15 files that might contain responsive records, and the DEA consumed the statutory 2 free hours of search time in searching only one of the files, 5 U.S.C. § 552(a)(4)(A)(iv), a file that listed King as a defendant and contained 93 pages of responsive records. Little Decl.¶ 40. By letter to King dated December 10, 2007, the DEA forwarded 18 pages of partially disclosed records, and notified him that it was withholding the rest of the pages in full. Compl. at 5; Little Decl.¶ 19. The DEA contends that it also informed King, in a separate letter of the same date, that "his name was mentioned in 14 'related' files, and that if he wished to have those 14 files searched, he would be responsible for a search fee of $728.00." Little Decl. ¶ 20, Ex. F. King avers that he did not receive this second letter, and he expresses doubt that the DEA ever sent it. Opp'n at 7-8; Affidavit of Moses King ¶ 2 (Sept. 21, 2009).[3]

King promptly appealed the DEA's disclosure decisions to the DOJ's Office of Information Policy ("OIP"), and learned by letter dated February 19, 2008, that OIP affirmed the DEA's search and disclosure decisions. Compl. at 2-3; Little Decl. ¶ 26. While the appeal was still pending, King sent an identical FOIA request to the DEA's field office in South Carolina, the district in which he had been prosecuted. Little Decl. ¶ 23. That request was forwarded to DEA's FOIA office in Arlington, which informed King that no action would be taken because

---

[2] The Little Declaration and its exhibits are filed on the public record with the DEA's Motion for Summary Judgment at Docket Entry #31.

[3] The King Affidavit is filed with his Opposition, at Docket Entry #36.

"[n]o further information other than that previously sent is available to you." Little Decl. ¶ 25 & Ex. K. In March 2008, the DEA voluntarily re-released to King the 18 pages of redacted documents in order to correlate the claimed exemption with the specific information withheld. Little Decl. ¶ 27.

In August 2008, King filed this lawsuit. Several weeks later, the DEA sent King a letter stating that there were an additional 15 field office files that might contain responsive information, stating that the estimated fee for processing the 15 field office files and the remaining 14 DEA headquarters files was $2464, and explaining that the fee quoted in its December 10, 2007 letter was based only on the 14 headquarters files. Little Decl. ¶ 28 & Ex. N. King does not deny that he received the December 4, 2008 letter, but notes that it was issued after the lawsuit was filed. Opp'n at 8-9.[4] It is undisputed that King has not paid the DEA for additional searching beyond the one file. It is also undisputed that King has not revised or narrowed his request.

Sometime after King initiated this lawsuit, EOUSA referred to the DEA for processing a total of 620 pages of potentially responsive materials it had identified in connection with the FOIA request King had addressed to EOUSA. Little Decl. ¶¶ 30-32. After culling records that were non-responsive, exact duplicates, or already released to King, the DEA made an additional

---

[4] King goes to some length to establish that the prison mail log does not show that King received a letter from the DEA in December 2008. Opp'n at 9 n.4. The import of this point is not clear, as he does not deny receiving notice of the fee. King broadly alleges that the DEA's conduct amounts to bad faith and urges the Court to "deny the DEA's motion for summary judgment simply because the DEA has attempted such unethical shenanigans in an effort to prevail in this matter before the Court." *Id.* at 8. In support, he alleges, for example, that the "DEA denied the existence of any records beyond the 74 [records] it initially identified." *Id.* at 9 (punctuation altered). An examination of the letters from the DEA to King establish that this allegation is without foundation in fact.

release to King consisting of 29 pages disclosed in full, 30 pages disclosed with redactions, and a notice that 21 pages were withheld in their entirety. Little Decl. ¶¶ 33-34. All told, considering both the EOUSA-referred records and the one DEA headquarters file, the DEA released to King 29 pages without redactions and 48 pages with redactions. In addition, another 96 pages were withheld in full . King challenges the DEA's withholdings.

## II. ANALYSIS

On a motion to dismiss for failure to state a claim brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, where matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one brought under Rule 56. Fed. R. Civ. P. 12(d). A motion for summary judgment under Rule 56 must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). In considering whether there is a triable issue of fact, a court must draw all reasonable inferences in favor of the non-moving party. *Liberty Lobby,* 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e)(2), that would permit a reasonable jury to find in his favor, *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence

contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982)).

*A. The 29 DEA Files Not Searched and Processed*

A FOIA requester cannot maintain a civil action unless he can demonstrate that he has first exhausted his administrative remedies. *Hidalgo v. FBI,* 344 F.3d 1256, 1259 (D.C. Cir. 2003). A failure to exhaust administrative remedies before filing a FOIA suit is properly treated as a failure to state a claim upon which relief may be granted. *Id.* at 1260. "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby v. Dep't of Army,* 920 F.2d 57, 66 (D.C. Cir. 1990). "Regardless of whether the plaintiff filed suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996). Even when a fee assessment comes "after the filing of [the] lawsuit, [a] plaintiff is obligated nonetheless to pay the fee or to seek from the agency either a fee waiver or a fee reduction." *Maydak v. Dep't of Justice,* 254 F. Supp. 2d 23, 50 (D.D.C. 2003).

The Court fully credits King's statement that he did not receive the DEA's December 10, 2007 letter informing him that he would be required to pay $728 before the DEA would undertake any additional searching of the 14 files located at headquarters. King's related allegations of bad faith are unsubstantiated, however. Proof that mail was not received is not proof that mail was not sent. Thus, King has not shown that the Little Declaration is mistaken, let alone made in bad faith. Therefore, the Court accords to the agency declaration a presumption of good faith, *see SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991), and fully

credits the DEA's statement that it prepared and sent the letter on or about December 10, 2007. While there is doubt as to when King learned that he would be required to pay fees if he wanted additional searching, there is no doubt that King has not paid the fees associated with any additional searching and processing of potentially responsive records. Therefore, because he has not exhausted his administrative remedies, King cannot maintain a challenge to the scope or adequacy of the search, and any claim he makes with respect to the 29 files that the DEA ultimately identified as containing potentially responsive documents, but did not search and process for release, cannot survive. Accordingly, as there is no dispute as to the material facts, the DOJ is entitled to judgment with respect to the unexhausted portions of King's FOIA request, that is, anything to do with the 29 files not searched.

*B. The Exemptions Claimed for the Processed Records*

As to the one file searched and the EOUSA-referred records, the DEA is entitled to summary judgment with respect to the exemptions claimed if it can demonstrate that all information in the 173 unique pages of responsive records either has been released to King or is exempt from disclosure. *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001). "The burden is on the agency to produce affidavits or declarations that describe the documents involved and justify the non-disclosure in a clear, specific and reasonably detailed manner, and that are not controverted by either contrary evidence in the record or by evidence of agency bad faith." *Voinche v. FBI,* 412 F. Supp. 2d 60, 64 (D.D.C. 2006). The agency may choose to use an index to assist with satisfying this burden, or may select some other method of "provid[ing] a reviewing court with sufficient information to determine, without the disclosure of actual documents, whether information withheld by [the] agency falls within the claimed FOIA

exemption." *Id.* at 65. In this case, the DEA has filed a detailed declaration as well as an index that correlates the specific exemption claimed with the specific information withheld. *See* Little Decl. & Ex. T.

King challenges the exemptions the DEA claims for the 48 pages withheld in part and the 96 pages withheld in full. His challenges are generic, not specific. Opp'n at 10 ("Plaintiff will not belabor this Court by challenging the Defendant's argument point by point or else this opposition will also be 74 pages long.") In what appears to be a global challenge, King argues that the records are stripped of their statutory exemptions "because the information has been released into the public domain via judicial proceedings and media outlets." *Id; see also* Opp'n at 12 (arguing that the confidential source exemption is inapplicable because "[t]here are no confidential sources that have not already been disclosed through the criminal proceedings"). Of course, King has no way of knowing whether his statement is true, as he does not know what is in the undisclosed records. In any case, King has not "'point[ed] to specific information in the public domain that appears to duplicate that being withheld,'" as the law requires him to do before a court can find that the exemption has been waived by the public domain doctrine. *Cottone v. Reno,* 193 F.3d at 555-56 (D.C. Cir. 1999) (quoting *Afshar v. Dep't of State,* 702 F.2d 1125, 1130 (D.C. Cir. 1983)). Because King has not identified any specific information or the"the *exact* portions" of a specific document that is in fact "preserved in a permanent public domain," *id.* (internal quotation marks omitted), his public domain challenge fails.

The DEA applied FOIA exemptions 7(C) and 7(F) to withhold the names and other identifying information of third parties, including suspects, co-defendants, and confidential sources of information. Little Decl. ¶¶ 65-73, 80-84. FOIA exemption 7(C) applies to

information "compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(F) applies to information "compiled for law enforcement purposes," the disclosure of which "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). King makes no argument specific to exemption 7(F), and argues that exemption 7(C) "should not apply," because his criminal prosecution is completed, which he presumes to mean that "the criminal investigation has come to a conclusion." Opp'n at 10-11. King's argument runs counter to the law; as an individual's privacy interest protected by exemption (b)(7)(C) is not diminished by the "passage of time." *Fitzgibbon v. CIA,* 911 F.2d 755, 768 (D.C. Cir. 1990). Accordingly, King's challenge to FOIA exemptions (7)(C) and 7(F) fails.

The DEA applied FOIA exemption 7(D) to withhold the identity of confidential sources and the information that source revealed. *See* Little Decl. ¶¶ 74-79 (discussing the describing the application of FOIA exemption 7(D) to the withheld information). FOIA exemption 7(D) applies to "records or information compiled for law enforcement purposes" the disclosure of which "could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). King urges the Court to review the documents *in camera* to ensure that the confidential source exemption is applied only to parties who actually relied on an express assurance of confidentiality. Opp'n at 11. King has offered no reason for the Court to doubt the agency's good faith in restricting the application of the confidential source exemption to

confidential sources. In the absence of any cause shown, the Court will accord to the agency declaration the good faith to which it is entitled and will decline to undertake an *in camera* review.

King also raises three other issues. First, he attacks the DEA's use of FOIA exemption 7(E), and argues that "the DEA must demonstrate that the certain law enforcement techniques or procedures [withheld] are not well known to the public, or are otherwise extraordinary." Opp'n at 14. A review of the Little Declaration and the accompanying index of redactions and exemptions shows that the DEA did not invoke exemption 7(E). Second, King asks the Court to "consider the issue of segregability." Opp'n at 12. The DEA has stated through the Little Declaration that it has conducted a "page-by-page and line-by-line" review of both the DEA records and the EOUSA-referred records, and has segregated and released all segregable information. Little Decl. ¶ 85. King has provided no specific facts to challenge the agency's statement. Third, King appears to think that the DEA is claiming an exemption under§ 552a(j)(2) of the Privacy Act, 5 U.S.C. § 552a. *See* Opp'n at 9-10. Such is not the case. The DEA reviewed the records for release under the FOIA exemptions and did not base any of its withholdings on the Privacy Act provision cited. *See* Little Decl. ¶¶ 58-59.

### III. CONCLUSION

It is undisputed that King did not pay the required fees for additional searching. Therefore, he has not exhausted his administrative remedies with respect to anything but the one DEA headquarters file that was searched. As to that one file, and as to records referred to the DEA by the EOUSA, the DEA has submitted a declaration and an index describing the information it withheld, explaining why it was withheld, and citing the statutory exemptions that

justify the withheld information.  Upon careful review of these materials and King's objections, the Court is satisfied that the exemptions are justified.  Therefore, as matters outside the pleadings were considered by the Court and as there is no genuine dispute as to a material fact, the DOJ is entitled to judgment with respect to King's claims relating to his FOIA request directed to the DEA.  A separate final order accompanies this memorandum opinion.

|  |  |
|---|---|
| Date:  March 17, 2010 | HENRY H. KENNEDY, JR.<br>United States District Judge |